**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTIN ADOUKO, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | No. 2:26-cv-02908-SHL-atc |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
|     Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 22, 2026, Petitioner Augustin Adouko filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Adouko challenges his "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  Adouko, a noncitizen, has resided in the United States continuously since May 2010.  (Id. at PageID 2.)  He states that he was granted Withholding of Removal by a New York immigration court in 2021.  (Id. at PageID 3.)  His wife is a United States citizen.  (Id.)  On July 7, 2026, he was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (Id. at PageID 2, 7.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **three business days** of the filing of this Order, Adouko shall deliver a

copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)      Within **three business days** after Adouko complies with the above requirement, Respondent shall respond to the Petition.  If the basis of Adouko's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)      Adouko may file a reply within **three business days** after Respondent's responsive filing.

(4)      Respondent shall not transfer Adouko out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 29th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE