**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| AUGUSTIN ADOUKO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02908-SHL-atc |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION**

On July 22, 2026, Petitioner Augustin Adouko filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Adouko challenges his "indefinite detention without a meaningful custody review" and seeks immediate release from Respondent's custody. (Id. at PageID 3, 6.) Respondent responded on August 3. (ECF No. 6.) Adouko replied on August 5. (ECF No. 8.) For the reasons stated below, the Petition is **DENIED**.

**BACKGROUND**

Adouko, a citizen of Ivory Coast, has resided in the United States continuously since May 2010. (ECF Nos. 1 at PageID 2; 8 at PageID 24.) On October 23, 2012, he was ordered removed and, at the same time, granted withholding of removal to Ivory Coast. (ECF No. 6-1 at PageID 21.) As a result, Adouko became eligible for removal to any country other than Ivory Coast. Nearly fourteen years later, on July 7, 2026, he was taken into ICE custody and remains detained at the West Tennessee Detention Facility. (ECF No. 1 at PageID 2, 7.)

Respondent argues that Adouko is lawfully detained under 8 U.S.C. § 1231, not § 1225, because he is subject to a final order of removal. But, according to Adouko, "no country has

agreed to accept Mr. Adouko for removal, and the Government has not initiated any process to terminate his withholding."  (ECF No. 8 at PageID 26.)  Thus, Adouko argues that his removal "is not reasonably foreseeable," and, under Zadvydas v. Davis, 533 U.S. 678 (2001), "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  (Id. at PageID 25.)

## ANALYSIS

Eight U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" removal.  8 U.S.C. § 1231(a)(2)–(6).  The "removal period" begins once a noncitizen's removal order "becomes administratively final."  § 123l(a)(l)(B).  The removal period lasts for ninety days, during which ICE "shall remove the [non-citizen] from the United States."  § 1231(a)(1)(A).  And ICE "shall detain the [non-citizen]" as it carries out the removal.  § 1231(a)(l)–(2).

After the initial nintey-day detention period, a noncitizen "ordered removed... as inadmissible under section 1182 of this title . . . may be detained beyond the removal period" or "released" subject to terms of supervision.  § 1231(a)(6); Zadvydas, 533 U.S. at 683.  A period of detention under six months is a "presumptively reasonable period of detention."  Zadvydas, 533 U.S. at 701.

Here, Adouko's October 23, 2012 order of removal became final on November 22, 2012. (ECF No. 6-1 at PageID 21.)  After the initial ninety-day detention period expired in 2013, Adouko can be detained at the Government's discretion, as long as that detention does not exceed six months.  See Zadvydas, 533 U.S. at 683.  Because Adouko's one-month detention is, so far, within the six-month presumptively reasonable period of detention under Zadvydas, based on the information presently before the Court, the Court will deny the Petition without prejudice.

2

Although Adouko argues that his removal is not currently reasonably foreseeable, given that he cannot be removed to Ivory Coast and no third country has agreed to accept him in nearly fourteen years, that does not mean that the United States cannot find such a country within the presumptively reasonable six-month window.  See Sandhu v. Olson, No. CV 26-87, 2026 WL 907577, at *2 (E.D. Ky. Apr. 2, 2026) ("Petitioner's six-month period has not yet elapsed, and, by the time it does, the United States may get word from Canada.").

If, however, the United States does not remove Adouko after six months of detention, a subsequent § 2241 petition may have a different result.

## **CONCLUSION**

Thus, the Petition is **DENIED** without prejudice.

**IT IS SO ORDERED,** this 7th day of August, 2026.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE

3